UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14003-TP-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT CAPOFARI, JR.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** is before me for consideration of the pending Petition for Warrant or Summons for Offender under Supervision ("Petition") (DE 3). The Defendant appeared on March 21, 2022 for a hearing. After consultation with his attorney, the Defendant announced that he wished to admit Violation Numbers 3, 5, and 10, and wished to have an evidentiary hearing on Violation Numbers 6 and 8. The Government agreed to dismiss the remaining counts at sentencing.

### Admissions to Violation Numbers 3, 5, and 10

Defendant admitted Violation Numbers 3, 5, and 10 at the hearing on March 21, 2022. The Petition alleges as follows regarding these violations:

| | |
|---|---|
| **Violation Number 3** | **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about November 17, 2021, the defendant moved from his approved residence of 3693 Northwest Adriatic Lane, Jensen Beach, Florida, and failed to notify the probation officer 10 days prior to any change. |

|  |  |
|---|---|
| **Violation Number 5** | **Violation of Standard Condition**, by failing to report to the probation officer as directed. On December 14, 2021, through email, the defendant was instructed to report to the United States Probation Office in Fort Pierce, Florida, on December 16, 2021, at 9:00 a.m., and he failed to comply. |
| **Violation Number 10** | **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report. The defendant's January 2022 Monthly Supervision Report contained false information regarding his address of 3693 Northwest Adriatic Lane, Jensen Beach, Florida, when in fact, evidence and statements from the leasing office at Portofino at Jensen Beach indicate this to be false. |

The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 3, 5, and 10. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 3, 5, and 10 are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition.

The Government proffered a factual basis for Violation Numbers 3, 5, and 10. The Defendant agreed that the Government's allegations were true and correct. Having heard the factual proffer and Defendant's agreement to it, I find that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 3, 5, and 10. Based on his admissions, I recommend that Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 3, 5, and 10.

**Evidentiary Hearing on Violation Numbers 6 and 8**

The parties jointly agreed to use evidence adduced during Defendant's detention and probable cause hearing held on February 25, 2022 as the evidentiary basis for a final hearing as to Violation Numbers 6 and 8. With respect to these violations, the Petition alleges as follows:

| | |
|---|---|
| **Violation Number 6** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about January 14, 2022, in Martin County, Florida, the defendant committed the offense of high speed or wanton fleeing, contrary to Florida Statute 316.1935(3). |
| **Violation Number 8** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about January 14, 2022, in Martin County, Florida, the defendant committed the offense of obstruct without violence, contrary to Florida Statute 843.02. |

On February 25, 2022, the Government called Deputy Michael Bravo to testify. Deputy Bravo is a road patrol officer with the Martin County Sheriff's Office. Deputy Bravo testified that he was in his police car on road patrol duty on January 14, 2022 at approximately 11:00 pm, when he observed a white Ford F-150 vehicle driving with a license plate that was registered to a black Mercedes. Given the disparity, Deputy Bravo conducted a traffic stop on the Ford F-150. He put his spotlight on the vehicle and was able to see the Defendant's face inside the Ford F-150 vehicle. As Deputy Bravo approached the Ford F-150, the driver fled in the vehicle into a nearby apartment complex. Deputy Bravo pursued the vehicle into the complex. The vehicle circled a dead end/cul-de-sac and traveled back towards Deputy Bravo at a high rate of speed. Deputy Bravo had to swerve out of the way to avoid being hit. Deputy Bravo estimated that the vehicle was traveling about 40 mph on 10 - 15 mph street. It was traveling so fast that the tailgate of the truck came unhinged as it went over a speed bump. Ultimately, the vehicle crashed into another vehicle and

the driver ran away. A K-9 was deployed and led law enforcement from the Ford F-150 to Defendant's apartment door. Deputy Bravo identified the Defendant as the person driving the car that fled from him on January 14, 2022. Defendant offered no evidence contradicting this evidence.

The standard of proof for violations of supervised release is by a preponderance of the evidence and not beyond a reasonable doubt. Revocation of supervised release is treated as part of the penalty phase for the initial offense involved. The defendant need only be found culpable by a judge under a preponderance of the evidence standard. *United States v. Cunningham*, 607 F.3d 1264 (11th Cir. 2010).

To prove the crime of fleeing to elude a law enforcement officer with high speed or reckless driving, the Government must prove the following four elements:

1. Defendant was operating a vehicle upon a street or highway in Florida.

2. Defendant, knowing he had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.

3. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.

4. During the course of the fleeing or the attempt to elude, Defendant drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.

Florida Standard Criminal Jury Instruction 28.8.

To prove the crime of obstructing or resisting an officer without violence in violation of FL ST 843.02, the Government must prove the following four elements:

1. Defendant resisted or obstructed Deputy Bravo.

      2. At the time, Deputy Bravo was engaged in lawful execution of a legal duty.

      3. At the time, Deputy Bravo was an officer.

      4. At the time, Defendant knew Deputy Bravo was an officer.

Florida Standard Criminal Jury Instruction 21.2.

Having heard Deputy Bravo's testimony, which I find to be credible, and having considered the essential elements of both offenses, I find the Government has proved by a preponderance of the evidence that Defendant committed the crimes alleged in Violation Numbers 6 and 8. I therefore recommend that Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 6 and 8.

### Remaining Violations (Violation Numbers 1, 2, 4, 7, and 9)

The Government agreed to dismiss Violation Numbers 1, 2, 4, 7, and 9. I therefore recommend that Violation Numbers 1, 2, 4, 7, and 9 be dismissed after sentencing.

### Conclusion

**ACCORDINGLY**, I recommend that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 3, 5, 6, 8, and 10, Violation Numbers 1, 2, 4, 7, and 9 be dismissed after sentencing, and a sentencing hearing be set for final disposition of this matter.

The parties jointly agreed to a shortened objections period. Thus, the parties shall have three (3) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections

timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 23rd day of March, 2022.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE